43618.     TRAVELERS INSURANCE COMPANY et al. v. LUECKERT.

Hall, Judge. The claimant brought a petition under *Code* § 114-711 for a judgment based on an award of the State Board of Workmen's Compensation for partial disability benefits. The award provided: "Claimant is directed to furnish defendant full information as to earnings he has made or shall make weekly since February 16, 1966." On the hearing it appeared that the defendant, employer and insurer, had sought to require the claimant to furnish the required information under oath before making the weekly compensation payments

provided by the award. The trial court's judgment on the petition ordered the claimant to furnish the defendant with a statement of earnings as provided by the award, and ordered the defendant upon receipt of this information to pay the amount of compensation. The defendant enumerates as error the award of attorney's fees to the plaintiff included in the judgment and the denial of attorney's fees to the defendant. The condition that the insurer attempted to impose on the payment of compensation (to furnish by affidavit the information respecting wages) was not an unreasonable one, but it was not imposed by the board's award. Had this been required by the board, there would be no doubt that the claimant's petition in the superior court would have been brought without reasonable ground, and the court should have awarded attorney's fees to the defendant. The claimant did fail before bringing his petition to comply with the board's direction to furnish the defendant with a statement giving full information about his weekly earnings. The defendant was not entitled to attorney's fees on this ground because, without applying to the board for any order, it sought to place a condition on payment of compensation which was not required by the award. In these circumstances we will not disturb the court's ruling on the defendant's motion for attorney's fees. We will reverse the award of attorney's fees to the claimant because he did not comply with the direction of the board before bringing this action.

*Judgment reversed as to award of attorney's fees to the claimant; affirmed as to denial of attorney's fees to the employer. Bell, P. J., and Quillian, J., concur.*

ARGUED MAY 7, 1968—DECIDED JUNE 27, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, Thomas B. Branch, III*, for appellants.

*George & George, William V. George*, for appellee.